IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AURELIA FRANCES BURKE                                           PLAINTIFF

vs.                              Civil No. 4:11-cv-04114

MICHAEL J. ASTRUE                                              DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Aurelia Frances Burke ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her application

for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O.

Hickey referred this case to this Court for the purpose of making a report and recommendation.  In

accordance with that referral, and after reviewing the arguments of counsel, this Court recommends

Plaintiff's case be **REVERSED AND REMANDED.**

**1.      Background:**

Plaintiff filed an application for DIB on May 21, 2009.  (Tr. 11, 89-90).  In this application,

Plaintiff alleges she is disabled due to problems with her feet: "Left foot–5 toes amputated. Right

foot charcot joint foot."  (Tr. 116).  She alleges these impairments cause the following limitations:

"I can't walk or stand for long periods of time.  I am in pain sometimes.  If I try to walk too long I

have pressure sores on the bottom of my feet.  When I walk they become ulcers and hurt." (Tr. 116).

In this application, Plaintiff alleges an onset date of June 5, 1993.  (Tr. 116).  This application was

1

denied initially and again on reconsideration.  (Tr. 47-48).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted.  (Tr. 56-62).  This hearing was held on May 2, 2011 in Texarkana, Arkansas.  (Tr. 19-46).  Plaintiff was present and was represented by Amy Freedman at this hearing.  *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Michael Gartman testified at this hearing.  *Id.*  On the date of this hearing, Plaintiff was fifty-nine (59) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008) (DIB), and had obtained college degrees in Spanish and English.  (Tr. 24).

On June 17, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 11-18).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act on December 31, 1998.  (Tr. 13, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from her alleged onset date of June 5, 1993 through her date last insured of December 31, 1998.  (Tr. 13, Finding 2).  The ALJ determined that, through her date last insured, Plaintiff had the following severe impairments: "Insulin dependent diabetes mellitus with peripheral neuropathy, status post amputation of second and third toes of the right foot, Charcot foot, and hypothyroidism."  (Tr. 13, Finding 3).  The ALJ also determined that, through her date last insured, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listing impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 and No. 16 ("Listings").  (Tr. 13-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 14-17, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined, based upon his

review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) in that the claimant is able to occasionally lift and/or carry ten pounds occasionally and less than ten pounds frequently, stand and/or walk for at least two hours in an eight hour work.  The claimant cannot push, pull, or operate foot controls with her right foot.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined that, as of her date last insured, Plaintiff was unable to perform any of her PRW. (Tr. 17, Finding 6).  The ALJ also determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 17-18).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform representative unskilled, sedentary occupations such as addresser with 215,000 such jobs in the United States and 2,600 such jobs in Arkansas; charge account clerk with 109,000 such jobs in the United States and 400 such jobs in Arkansas; and food and beverage worker with 220,000 such jobs in the United States and 1,460 such jobs in Arkansas.  (Tr. 16).  The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from her alleged onset date of June 5, 1993 through her date last insured or through December 31, 1998.  (Tr. 18, Finding 11).

Thereafter, August 9, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 4-6).  On September 22, 2011, the Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On November 21, 2011, Plaintiff filed the present appeal.  ECF

No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 6, 10.  This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

4

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred when he found her impairments did not meet or equal the requirements of Listing 9.08; (2) the ALJ erred by failing to evaluate the severity of her chronic pain, swelling, numbness, and tingling associated with her diabetic neuropathy; (3) the ALJ erred in discrediting her pain and her physician's opinions; and (4) the ALJ erred by failing to fully and fairly develop her vocational profile.  After reviewing Plaintiff's briefing and the opinion by the ALJ, this Court finds the ALJ did not fully consider Plaintiff's subjective complaints as required by *Polaski*.  Thus, this Court will only address Plaintiff's third argument for reversal.

5

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* analysis. In his opinion, the ALJ focused entirely on Plaintiff's medical records in deciding to disregard her subjective complaints. (Tr. 14-17). Notably, the ALJ first analyzed Plaintiff's medical records that are dated prior to her date last insured. *Id.* Then, the ALJ stated the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms prior to December 31, 1998, the date last insured, *are not credible to the extent they are inconsistent with the above residual functional capacity assessment as supported by the medical evidence of record.*

(Tr. 16) (emphasis added). The ALJ's decision to disregard Plaintiff's subjective complaints based entirely upon her medical records from that time period was in error. *See Polaski,* 739 F.2d at 1322 (holding the ALJ cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Thus, this Court recommends this case be reversed and remanded.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence in the record and recommends that it be reversed and remanded.[2]

---

[2] This Court recommends this case be reversed and remanded only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints. This Report and Recommendation should not be interpreted as requiring Plaintiff be awarded disability benefits upon remand.

The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 4th day of October 2012.

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE